# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3646
_____

Frances Morris Finley

*Plaintiff - Appellant*

v.

Richard Parker Evans, MD

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: June 9, 2016
Filed: June 14, 2016
[Unpublished]

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this diversity action, Frances Morris Finley appeals the district court's[1] adverse grant of summary judgment on her Arkansas state-law claim asserting that Dr.

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

Richard Parker Evans failed to obtain her informed consent before performing knee-replacement surgeries. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

After conducting a de novo review of the record and carefully considering the parties' arguments on appeal, this court concludes that the grant of summary judgment was proper in light of Finley's lack of an expert opinion supporting her informed-consent claim. *See United States v. Dico, Inc.*, 808 F.3d 342, 346 (8th Cir. 2015) (de novo standard of review for summary judgment decision). *See* Ark. Code Ann. § 16-114-206(b)(1) ("[W]hen the plaintiff claims that a medical care provider failed to supply adequate information to obtain the informed consent of the injured person, the plaintiff shall have the burden of proving that the treatment, procedure, or surgery was performed in other than an emergency situation and that the medical care provider did not supply the type of information regarding the treatment, procedure, or surgery as would customarily have been given to a patient in the position of the injured person or other persons authorized to give consent for such a patient by other medical care providers with similar training and experience at the time of the treatment, procedure, or surgery in the locality in which the medical care provider practices or in a similar locality."); *Fuller v. Starnes*, 597 S.W.2d 88, 89-90 (Ark. 1980) (holding expert testimony is always required for medical negligence cases involving informed consent because physician's duty of disclosure is measured by customary disclosures in practicing community).

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____